# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERRERA-VILLATE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>W. KNIPP, Warden,<br><br>　　　　　　Respondent. | Case No. CV 12-0134-JVS (JEM)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation of the United States Magistrate Judge.  Petitioner has filed Objections, and the Court has conducted a de novo review of those portions of the Report and Recommendation to which Petitioner has objected.

　　　　Petitioner argues for the first time in his Objections that he is actually innocent of the underlying crime and, therefore, is entitled to equitable tolling under Schlup v. Delo, 513 U.S. 298 (1995).  (Objections at 6.)  The Court is not required to consider allegations raised for the first time in the Objections.  United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000).  Even if Petitioner had raised this argument in a timely manner, it is without merit, and he is not entitled to equitable tolling.  Under Schlup, a credible claim of actual innocence can constitute an equitable exception to the AEDPA limitations period.  See Lee v. Lambert, 653 F.3d 929,

932 (9th Cir. 2011) (en banc). However, in order to present otherwise time-barred claims to a federal habeas court pursuant to Schlup, Petitioner has the heavy burden of producing "'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial'" that so strongly shows his actual innocence "'that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Id. at 938 (quoting Schlup, 513 U.S. at 324, 327). Although Petitioner states in completely conclusory fashion that "he is 'actual[ly] innocen[t] of the crime,'" he does not identify any new reliable evidence or explain why such evidence could not have been presented at trial, whether it is reliable, and how it necessarily shows that no reasonable juror would have convicted him when compared with the evidence presented at trial. Accordingly, Petitioner has failed to carry his burden of demonstrating that he is entitled to equitable tolling based on actual innocence. The Court accepts the findings and recommendations of the Magistrate Judge.

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss the Petition as untimely be granted and that judgment be entered denying the Petition for Writ of Habeas Corpus and dismissing this action with prejudice.

DATED: August 22, 2012

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE